UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CV-644

| | |
|---|---|
| JAMES MEADOWS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| CHARLES LARRY BATES, FIRST ) | |
| AMERICAN MONETARY ) | |
| CONSULTANTS, INC. ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Default Judgment (Doc. No. 11) and Plaintiff's Affidavit of Damages (Doc. No. 13). Defendant's Motion is GRANTED and Plaintiff is awarded $18,829.60 in damages.

Defendants were property served in this case[1] (see Doc. Nos. 4, 5); however, Defendants never entered an appearance or filed any pleadings. The clerk entered default on April 10, 2012, (Doc. No. 8). When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against the claim, and after the clerk has entered default against such party, the opposing party is entitled to move for default judgment. See FED. R. CIV. P. 55. Furthermore, "[a]verments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading." FED. R. CIV. P. 8(d). However, "'a default is not treated as an absolute confession by the defendant of his liability and of the

---

[1] Plaintiff served Defendants by Federal Express. N.C. Gen. Stat. 1A-1, Rule 4(j)(1)(D) allows service by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2). I.R.S. Notice 2001-62, 2011-2 C.B. 307, designates that under 26 U.S.C. § 7502, the following FedEx services are proper: FedEx Priority Overnight, FedEx Standard Overnight, and FedEx 2Day. Plaintiff provided a Federal Express tracking number, and the Court takes judicial notice of the fact that service of process was by Fedex Standard Overnight. Therefore, service by Federal Express was properly executed.

plaintiff's right to recover.'" Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

This case is before the Court upon the Court's diversity jurisdiction, 28 U.S.C. § 1332, as the complaint alleges the parties are citizens of different states and the amount in controversy is greater than $75,000. However, since this case was initiated, some of Plaintiff's damages have been satisfied by Defendant (see Doc. No. 13, ¶ 8), and Plaintiff's affidavit therefore alleges current damages to be less than the $75,000 threshold required by 28 U.S.C. § 1332. The amount in controversy relevant for diversity jurisdiction is the amount in controversy at the time of the complaint, and therefore the Court does not lose jurisdiction because Plaintiff's case has changed or partially settled. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570–71 (2004) (noting that in diversity cases, "the jurisdiction of the Court depends upon the state of things at the time of the action brought") (quoting Mollan v. Torrance, 9 Wheat. 537, 539 (1824)); Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

The Court finds Plaintiff's sworn affidavit credible (Doc. No. 13). Plaintiff has proven he is due $14,338.50, which represents the difference between the price he paid for gold coins and the value of the gold coins he received (see Doc. No. 13, ¶ 3-4). Plaintiff has also proven his request for $4,491.10, which is the difference between what he received from Defendants for

liquidating twenty (20) ounces of gold and the fair market value of twenty (20) ounces of gold minus a three (3) percent commission for Defendants (see Doc. No. 13, ¶ 7). Lastly, Plaintiff requests $3,400 in attorney's fees, for a total damages amount of $22,229.60. The Court DENIES an award for attorney's fees. See Fox v. Vice, 131 S. Ct. 2205, 2213 (2011) ("Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses. Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'") (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975)). However, while the Court denies attorney's fees, the Court does assess court costs to Defendant, as determined by the Clerk of Court.

The Court therefore GRANTS Plaintiff's Motion for Default Judgment and finds damages in the amount of $18,829.60 plus court costs determined by the Clerk of Court.

IT IS SO ORDERED.

Signed: July 11, 2012

Frank D. Whitney
United States District Judge